UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GINGER LEE SINGH, et al.,

       Plaintiffs,

                                  Case No. 15-cv-12957

v.

                                  HON. MARK A. GOLDSMITH

JEH JOHNSON, et al.,

       Defendants.
_____/

**OPINION AND ORDER
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 14) AND
DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (Dkt. 18)**

      This case involves a petition for an immediate relative immigrant visa that was filed by Plaintiff Ginger Lee Singh on behalf of her non-citizen husband, Plaintiff Ranjit Singh. The United States Citizenship and Immigration Services ("USCIS") denied the petition after concluding that Ranjit's previous marriage was entered into for the purpose of evading immigration laws. Plaintiffs seek judicial review of this denial under the Administrative Procedures Act ("APA"), 5 U.S.C. § 551 et seq., claiming that the USCIS's decision was arbitrary and capricious.

      The parties filed cross-motions for summary judgment. Because oral argument will not aid the Court, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). For the reasons explained fully below, the Court grants Defendants' motion for summary judgment (Dkt. 14) and denies Plaintiffs' motion for summary judgment (Dkt. 18), because the agency's decision was supported by the administrative record and was otherwise consistent with the standards under the APA.

1

## I. BACKGROUND

Plaintiff Ranjit Singh, a native and citizen of India, was admitted to the United States on a B-1 visa on February 8, 1998, and he was permitted to remain in the United States until March 7, 1998. A.R. at 243.[1] Staying beyond his original departure date, Ranjit then married Diane Martin, a U.S. citizen, on March 26, 1998. A.R. at 260. Martin filed a Form I-130 petition to classify Ranjit, the beneficiary, as an immediate relative, and Ranjit filed a Form I-485 application to adjust his immigration status. A.R. at 275-276. The USCIS approved both and Ranjit's status was adjusted to that of a lawful permanent resident on a conditional basis. A.R. at 322-323.

On September 17, 2001, Ranjit and Martin jointly filed a Form I-751 petition to remove conditions on Ranjit's residence. A.R. at 265. They appeared for an interview on the I-751 petition on February 14, 2003, during which they were interviewed separately and together. A.R. at 172-174. Following the interview, Martin withdrew the I-751 petition, resulting in the termination of Ranjit's conditional permanent resident status. A.R. at 244-245, 264. Due to this termination, Immigration and Customs Enforcement issued a notice for Ranjit to appear before an immigration judge. A.R. at 236-237. The notice was filed with the immigration court on April 7, 2004. A.R. at 236.

In March 2005, Martin filed for divorce, and the Wayne County Circuit Court entered a consent judgment of divorce on July 18, 2005, thereby terminating Martin and Ranjit's marriage. A.R. at 546-548. In October 2005, Ranjit filed another I-751 petition and sought to waive the joint filing requirement. A.R. at 469-470. Ranjit was interviewed about this petition in

---

[1] Along with their motion for summary judgment, Defendants filed a "Certified Record of Proceeding," (Dkt. 15), which the Court refers to as the administrative record. For purposes of this opinion, pinpoint citations are to the "Pg ID" numbers of the administrative record.

November 2006. A.R. at 465. During this time period, Ranjit married his current wife, Plaintiff Ginger Lee Singh, on January 6, 2006. A.R. at 524.

On May 27, 2009, an officer from the USCIS obtained a sworn statement from Martin regarding her marriage to Ranjit, in which she claims that she was paid $10,000 and received a used car and jewelry to marry Ranjit. A.R. at 462-463. The USCIS issued a notice of intent to deny ("NOID") to Ranjit concerning his I-751 petition. A.R. at 457-461. Ranjit's counsel responded to the NOID, stating that Ranjit had already submitted all of the evidence in his possession regarding his marriage to Martin. A.R. at 449-450. The USCIS ultimately denied the I-751 petition on July 23, 2009, on the grounds that Ranjit's previous marriage to Martin was fraudulent. A.R. at 443-447.

Ranjit's removal hearing commenced in immigration court on June 15, 2011, and, after placing her oral decision on the record, the immigration judge denied Ranjit's I-751 petition and good-faith waiver. A.R. at 336-379. Ranjit appealed this decision, which the Board of Immigration Appeals subsequently dismissed. A.R. at 331-335.

On January 13, 2012, Ginger filed an I-130 petition on behalf of Ranjit. A.R. at 437. The USCIS issued an NOID based on its finding that Ranjit's prior marriage to Martin was entered into for the purpose of evading immigration laws. A.R. at 420-425. The USCIS afforded Ginger 30 days to rebut the basis of the intended denial. A.R. at 425.

In a letter dated July 15, 2013, Plaintiffs' counsel responded to the NOID, which included an affidavit from Ranjit and records regarding Martin's criminal history as attachments. A.R. at 383-418. On March 6, 2015, counsel submitted a supplement to the July 2013 response. A.R. at 208-232. The USCIS denied the I-130 petition on April 10, 2015, concluding that Ranjit's

3

earlier marriage to Martin was entered into for the purpose of evading immigration laws. A.R. at 171-181, 187. This suit followed.

## II. STANDARDS OF DECISION

An agency's final decision denying an I-130 petition based on marriage fraud is reviewable under the APA. Zemeka v. Holder, 989 F. Supp. 2d 122, 127 (D.D.C. 2013). Pursuant to the APA, courts shall "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In reviewing agency action under this narrow and deferential standard, courts examine "whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Judulang v. Holder, 132 S. Ct. 476, 484 (2011); Motor Vehicle Mfrs. Ass'n of United States, Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) ("[T]he agency must examine the relevant [considerations] and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made."). Further, courts "should accept the agency's factual findings if those findings are supported by substantial evidence on the record as a whole." Arkansas v. Oklahoma, 503 U.S. 91, 113 (1992) (emphasis in original); accord Cherokee Forest Voices v. United States Forest Serv., 182 F. App'x 488, 493 (6th Cir. 2006). An agency's decision is arbitrary and capricious where the agency

> relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

Nat'l Ass'n of Home Builders v. Defenders of Wildlife, 551 U.S. 644, 658 (2007); Bangura v. Hansen, 434 F.3d 487, 502 (6th Cir. 2006) ("An agency decision is arbitrary and capricious if the

4

agency fails to examine relevant evidence or articulate a satisfactory explanation for the decision.").

Importantly, a court must not "substitute its judgment for that of the agency," Judulang, 132 S. Ct. at 483, and it cannot "reweigh the evidence" if the agency's "conclusion was reasonable." El Conejo Americano of Texas, Inc. v. Dep't of Transp., 278 F.3d 17, 20 (D.C. Cir. 2002); Adi v. United States, No. 1:10 cv 00502, 2011 WL 9613, at *5 (N.D. Ohio Jan. 3, 2011) ("[A] court cannot re-weigh evidence simply because the plaintiff disputes the agency's finding. Instead, the evidence must compel a different decision to be arbitrary and capricious." (citing Ghaly v. INS, 48 F.3d 1426, 1430 (7th Cir. 1995))). Courts should uphold an agency's decision, even if the decision is of less than ideal clarity, "if the agency's path may reasonably be discerned." F.C.C. v. Fox Television Stations, Inc., 556 U.S. 502, 513-514 (2009).

Under Federal Rule of Civil Procedure 56, a court typically grants "summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Sixth Circuit has noted that the summary judgment standard may not be appropriate when it comes to judicial review of an agency's action under the APA. Alexander v. Merit Sys. Protection Bd., 165 F.3d 474, 480-481 (6th Cir. 1999). This is because a motion for summary judgment "invites improper consideration of evidence outside the administrative record and reliance upon post hoc rationalizations for the agency's action." Id. at 480. Nevertheless, a court "may enter judgment in response to a motion for summary judgment so long as the proper standard of review is used." Taco Especial v. Napolitano, 696 F. Supp. 2d 873, 877 (E.D. Mich. 2010). Put another way, summary judgment "serves as the mechanism for deciding, as a matter of law, whether an agency action is supported by the administrative record and is otherwise consistent with the APA standard of review."

Resolute Forest Prods., Inc. v. U.S. Dep't of Agric., ___ F. Supp. 3d ___, 2016 WL 2885869, at *4 (D.D.C. May 17, 2016).

### III. ANALYSIS

A United States citizen may assist their non-citizen spouse attain the status of a "lawful permanent resident" by filing a Form I-130 petition with the USCIS to classify the beneficiary as an "immediate relative." See 8 U.S.C. §§ 1151(b)(2), 1255(a); 8 C.F.R. §§ 204.1, 204.2. However, if the beneficiary has previously entered into a fraudulent marriage to evade immigration laws, the Immigration and Nationality Act mandates the denial of the I-130 petition. 8 U.S.C. § 1154(c); Adi v. United States, 498 F. App'x 478, 481 (6th Cir. 2012).

If the USCIS finds "substantial and probative evidence" of marriage fraud, Bangura, 434 F.3d at 502, the agency must issue a NOID to give the "petitioner adequate notice and sufficient information to respond." 8 C.F.R. § 103.2(b)(8)(iv).[2] The NOID informs the petitioner of "the derogatory information" in question and affords him or her the "opportunity to rebut the information and present information in his/her own behalf before the decision is rendered." Id. § 103.2(b)(16)(i). "Upon receiving the NOID, the burden shifts to the petitioner to rebut [the] USCIS's finding of fraud and establish that a prior marriage was not entered into for the purpose of evading immigration laws." Zemeka, 989 F. Supp. 2d at 130; Seghal v. Johnson, 105 F. Supp. 3d 860, 863 (N.D. Ill. 2015) ("If the government identifies substantial and probative evidence of

---

[2] "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. of New York v. Nat'l Labor Relations Bd., 305 U.S. 197, 217 (1938); accord Mountain States Contractors, LLC v. Perez, ___ F.3d ___, 2016 WL 3125881, at *3 (6th Cir. June 3, 2016) (substantial evidence means "less than a preponderance of the evidence, but more than a scintilla"); see also Wang v. Lynch, ___ F.3d ___, 2016 WL 3034680, at *5 (6th Cir. May 27, 2016) ("Under the substantial evidence standard, [a court] must uphold factual determinations unless any reasonable adjudicator would be compelled to conclude to the contrary.").

marriage fraud, then the burden shifts to the couple to show otherwise.").[3] Once the petitioner's response to the NOID is received, the USCIS District Director determines whether or not the I-130 petition should be approved. 6 U.S.C. § 271(b); 8 C.F.R. § 204.2(a)(1)(ii).

In accordance with this procedure, Ginger filed an I-130 petition on behalf of Ranjit. The USCIS issued a NOID based on fraud regarding Ranjit's prior marriage to Martin. Plaintiffs responded to the NOID, as well as submitted a supplement to the response. The USCIS ultimately denied the I-130 petition, concluding that Ranjit's earlier marriage was entered into for the purpose of evading immigration laws.

Challenging the USCIS's denial decision, Plaintiffs raise various arguments in their motion for summary judgment, each of which is considered in turn.

### A. Statement of Undisputed Facts

In their motion for summary judgment, Plaintiffs first appear to take issue with the heading of Defendants' statement of facts section in their motion for summary judgment — entitled, "Defendants' Statement of Undisputed Facts" — claiming that such a title is misleading because "Defendants did not confer with Plaintiffs to develop an agreed upon version of

---

[3] Without citation to any authority, Plaintiffs argue that placing the burden on Ginger to prove the bona fides of Ranjit's prior marriage violates due process because "she was never a party to the marriage that is being vetted for fraud" and "is in no position to prove the validity and garner evidence on a historical marriage to a third-party." Pls. Mot. at 17 (Dkt. 18). Plaintiffs' unsubstantiated argument fails for three reasons.

First, a plaintiff alleging a violation of procedural due process must claim that he or she was deprived of a protected liberty or property interest. See Warren v. City of Athens, Ohio, 411 F.3d 697, 708 (6th Cir. 2005). However, Plaintiffs do not actually allege that the burden-shifting process deprived Ginger of any cognizable liberty or property interest. Second, there is authority that the burden shifts to the petitioner after a finding of marriage fraud, even if the petitioner is the beneficiary's subsequent spouse. See Zemeka, 989 F. Supp. 2d at 126, 130. Third, as a matter of practicality, Ginger's ability to gather evidence on Ranjit's prior marriage is not significantly hindered, such that it would violate the Constitution, because Ranjit would seemingly have access to such information and is capable of sharing that information with his current wife.

undisputed facts." Pls. Mot. at 10 (Dkt. 18). Plaintiffs further contend that Defendants' rendition of undisputed facts contains "spin" by "omission or giving short-shrift to facts favorable to Plaintiffs." Id. As an example, Plaintiffs point to Ranjit's submission of Martin's criminal records. As indicated in Defendants' motion, Ranjit provided such records, and Plaintiffs do not dispute that fact. Rather, Plaintiffs argue that Defendants omitted that Defendants "did not consider" those records in their finding of marriage fraud. Id. Plaintiffs then proceed to raise arguments concerning what record evidence the USCIS did and did not consider, all of which are unrelated to their "undisputed facts" argument. See id. at 11-13. Plaintiffs' unsubstantiated arguments fail for two reasons.

First, Defendants' statement of facts section does not suggest that it was a cooperative venture with Plaintiffs, such that a reader would be misled into believing the parties agreed upon that particular presentation of facts. Nor do Plaintiffs explain why a defendant and a plaintiff would have to meet and confer for one party's articulation of facts to be considered undisputed. And the Court is unaware of any authority suggesting that the moving party has an obligation to present facts in a manner acceptable to the other party.

Second, Plaintiffs do not actually challenge the factual basis of any of the statements contained in Defendants' motion. Instead, they argue that other relevant facts could have been included. However, if Plaintiffs felt a relevant fact was omitted in the opposing party's motion, nothing prevented them from including that fact in their own version of the statement of facts.[4] Furthermore, as the issue of whether the USCIS actually considered Martin's criminal history is

---

[4] Plaintiffs did not provide their own statement of facts in their motion for summary judgment, claiming instead that "Plaintiffs' version of undisputed facts is the fact statement in the complaint that the government has not yet answered." Pls. Mot. at 10. But Defendants did, in fact, answer the complaint. See Answer (Dkt. 9).

clearly in dispute between the parties,[5] the Court is unable to fathom why such an "omission" or "short-shrift" renders Defendants' recitation of the fact that Ranjit submitted the criminal records itself suspect.

Therefore, to the extent Plaintiffs rely on these arguments in support of their motion for summary judgment, that portion of their motion is denied.

### B. Applying Generally Applicable Law

Although scattered throughout their motion for summary judgment, a significant portion of Plaintiffs' arguments is based on the USCIS's alleged redaction of generally applicable law from its decision. See generally Pls. Mot. at 7-9, 13-16, 17-20, 23, 25-26. In particular, Plaintiffs claim that the Field Office Director of the USCIS "surgically deleted the law of 'substantial and probative evidence' in the applicable law section of the agency decision," id. at 17, by "blacking it out to indicate the agency was NOT applying that law," id. at 15. Plaintiffs then argue that, because of the redactions, the portion of Defendants' motion relying on the same law should be stricken, id. at 13,[6] that the appropriate standard of review is de novo, id. at 20-21, the redaction "rebuts the alleged presumption of regularity usually accorded to an agency decision," id. at 23, and it renders the decision arbitrary and capricious, id. at 22, 25-26. In support of their argument that portions of the decision were "blacked out," Plaintiffs submitted a portion of the USCIS decision that had been faxed by Plaintiffs' to their attorney, Ex. A (Dkt.

---

[5] Compare Compl. ¶ 34(a) (Dkt. 1) (stating that the Director failed to consider significant parts of the record, including Martin's criminal record) with Defs. Answer ¶ 34(a) (denying Plaintiffs' statement).

[6] Plaintiffs titled this section of their motion for summary judgment, "Motion to Strike Point III-B of Defendants' Brief." Pls. Mot. at 13. Although not filed as a separate motion, the Court denies Plaintiffs' motion to strike, for the reasons stated infra.

9

22-1); see also Ex. A to Compl. (Dkt. 1-1), as well as the same portion of the decision that was included in the administrative record filed in this Court, Ex. B. (Dkt. 22-2); A.R. at 172.

In response, Defendants contend that this Court's review is limited to the administrative record, and it should not consider Plaintiffs' exhibits. Defs. Resp. at 2 n.1. Defendants further argue that, if the Court considers additional evidence, a declaration from the officer who actually drafted the decision demonstrates that the controlling law was not redacted from the decision. Id. at 3. According to the officer, she used one of the agency's templates when she first began drafting the decision, which included sections of law with a gray highlighted background. Morton Decl. ¶¶ 4, 5 (Dkt. 21-1). These sections apparently "can be changed or amended, but the [gray] highlight cannot be removed." Id. ¶ 5. The officer denies redacting sections of the decision or mailing a decision with redactions. Id. ¶ 6. Notably, the officer states that, when a decision with gray highlighted material is photocopied, it may appear darker, as though that portion "had been redacted or blacked out." Id. ¶ 5. Defendants claim that Plaintiffs' faxing of the decision to their attorney made the gray highlighted material appear to be redacted. Defs. Resp. at 4 n. 3. The Court agrees with Defendants.

Under the APA, courts are required "to 'review the whole record' compiled by the agency when evaluating the lawfulness of an agency decision." Klein v. U.S. Dep't of Energy, 753 F.3d 576, 580 (6th Cir. 2014) (quoting 5 U.S.C. § 706(2)). This means that judicial review of the agency's decision "turns on the record before the agency at the time of its decision, not on later evidence developed outside the administrative record." Id. (emphasis added); see also Camp v. Pitts, 411 U.S. 138, 142 (1973) (per curiam) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."); S. Forest Watch, Inc. v. Jewell, 817 F.3d 965, 977 (6th Cir. 2016)

(administrative record consists of those "materials compiled by the agency at the time its decision was made"). Nevertheless, it may be appropriate to supplement the administrative record "when an agency has deliberately or negligently excluded certain documents from the record, or when a court needs certain background information to determine whether the agency has considered all relevant factors." Jewell, 817 F.3d at 977. It is the plaintiff's burden to justify supplementation of the record, as well as to make a "strong showing" of bad faith. Latin Ams. for Social & Econ. Dev. v. Adm'r of Fed. Highway Admin., 756 F.3d 447, 465 (6th Cir. 2014).

Based on the administrative record, the USCIS's decision does not contain any redactions or "blacked out" portions. Although certain sentences have a gray highlighted background, see A.R. at 172, the text of the decision is still clearly legible. Plaintiffs have not argued that the administrative record should be supplemented to include the faxed copy of the decision. Nor have they argued or shown bad faith on behalf of the agency. On this basis alone, the Court concludes that the USCIS's decision did not contain any redactions, such that the agency did not apply generally applicable law.

Even if the Court were to consider additional evidence outside of the administrative record, the unrefuted declaration of the officer who prepared the decision, which states that she did not redact any portion of the decision or mail a redacted decision, supports the conclusion that the decision was not altered or redacted when it was issued. Therefore, Plaintiffs' arguments premised on the alleged redaction or deletion of generally applicable law from the USCIS's decision are without merit.

Accordingly, the Court denies those portions of Plaintiffs' motion for summary judgment that are based on the alleged redaction of the USCIS's decision.

### C.  Consideration of Relevant Evidence

In determining whether the USCIS's decision to deny the I-130 petition was arbitrary and capricious, the Court examines "whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Judulang, 132 S. Ct. at 484. "The USCIS may rely upon any relevant evidence in" finding that Ranjit's marriage to Martin was fraudulent, Shawal, Inc. v. Lynch, No. 1:14-cv-01512-RCL, 2015 WL 7761053, at *3 (D.D.C. Dec. 2, 2015) (citing Matter of Tawfik, 20 I. & N. Dec. 166, 168 (BIA 1990)), and this Court accepts the USCIS's factual findings "if those findings are supported by substantial evidence on the record as a whole." Arkansas, 503 U.S. at 113.

Plaintiffs argue that the USCIS's decision was arbitrary and capricious because it failed to "consider all the submitted documentary evidence, as described in paragraph 34 of the complaint." Pls. Mot. at 8; see id. at 23. In particular, Plaintiffs state that a section of the decision indicating the evidence the agency considered did not specifically identify the following: (i) the records of Martin's criminal history, which was submitted with the response to the NOID; (ii) Ranjit's affidavit, which was also submitted with the response to the NOID; (iii) Plaintiffs' affidavits, which were submitted with the supplement to the NOID response; and (iv) Ginger's medical records, which were also submitted with the supplement, id. at 11-12.

According to Plaintiffs, consideration of Martin's convictions "has an impact on her credibility" and "was very important . . . in deciding what weight to assign to Martin's [March 27, 2009] statement." Id. at 14. Plaintiffs also argue that Martin's 2009 statement "is not substantial evidence that Ranjit Singh engaged in marital fraud" because "[n]o reasonable mind would accept the word of a convicted criminal." Id. at 12. Plaintiffs contend that Martin's 2003

12

statement is more reliable. Id. at 12.[7] In a cursory manner, Plaintiffs further claim that Ranjit's first affidavit "explains all of the alleged discrepancies," id. at 11, and that, because the "decision does not mention the supplement to the NOID response," the agency "did not consider the record as a whole," id. at 24.

Defendants argue that the USCIS "did consider the explanations offered and arguments made in the [response to the] NOID, but found them insufficient to rebut the agency's finding of fraud." Defs. Mot. at 18; see id. at 18-19 ("The decision specifically referenced the response . . . and the affidavit was attached to the response. Further, the agency's decision specifically addressed a number of Singh's explanations and provided a reasoned basis for not accepting those explanations."). Defendants further argue that the "USCIS specifically acknowledged Martin's criminal past." Id. at 19. And regarding the USCIS's failure to consider the March 6, 2015 supplement, which addressed Plaintiffs' current marriage, Defendants argue that Plaintiffs have not provided any authority requiring the USCIS to consider a supplement to a NOID response and "none of the supplemental information or attached documentation is relevant to the issue of whether the Singh/Martin marriage was entered into for the purpose of evading immigration laws." Id. at 22-23. The Court agrees with Defendants.

---

[7] Plaintiffs claim that Martin has "committed, among other crimes: welfare fraud, for which she was convicted in 1996, welfare fraud in 1991, and narcotic and drug-related violations in 2004." Pl. Mot. at 12. Plaintiffs further claim that "[w]elfare fraud clearly involves dishonesty." Id. at 11. Upon review of the criminal records attached to the NOID response, it appears as though Martin pleaded guilty to welfare fraud in 1996. See A.R. at 409. However, Martin pleaded not guilty to the other welfare fraud charge in 1991, and that case was later dismissed. See A.R. at 411. And although Martin was charged in 2004 with one count of narcotic and drug-related violations, that case was dismissed in 2013. See A.R. at 412-413 (noting "dismissed defendant deceased"). Plaintiffs do not explain how the two dismissed cases actually impact Martin's credibility. Further, because the welfare fraud conviction occurred before Martin gave her 2003 statement, the Court is unable to discern Plaintiffs' reasoning for accrediting greater weight to her earlier statement, as opposed to her 2009 statement.

Plaintiffs fail to make any coherent argument that the USCIS did not consider the exhibits when it considered the NOID response. The USCIS decision indicated that it considered the response to the NOID as relevant evidence. See A.R. at 175-176. The response also included Ranjit's affidavit and records of Martin's criminal history as exhibits, see A.R. at 404-418, and it repeatedly cited those exhibits in support of its many propositions.

The decision also clearly states that it considered Martin's criminal history, see A.R. at 177 ("In your rebuttal, you indicate that Mrs. Martin, because of her criminal past is not credible."), which seriously undermines Plaintiffs' argument that the agency did not consider all the relevant evidence. The decision further addressed explanations that Ranjit offered in the affidavit attached to the NOID response. For example, Ranjit claims in the NOID response (and his affidavit attached to the response) that the lack of commingled assets between him and Martin was based on a bank refusing to put Martin's name on his account because she had a "credit history issue." NOID Resp., A.R. at 389; Ranjit Aff., A.R. at 405 (same). The USCIS considered and rejected this explanation, recognizing that Martin's ability to purchase a home at the time she met Ranjit undermined Ranjit's claim that Martin did not have sufficient credit to open a bank account. A.R. at 177. Therefore, the Court concludes that the USCIS did not fail to consider relevant evidence, including claims presented in the NOID response and the attached exhibits.

Regarding their supplemental materials, Plaintiffs have failed to identify any authority requiring the USCIS to consider a supplement to a NOID response after a response has already been submitted and the time to respond has expired. See 8 C.F.R. 103.2(b)(8)(iv) ("Additional time to respond to a request for evidence or notice of intent to deny may not be granted."). As such, Plaintiffs have not demonstrated that failing to consider the supplement was arbitrary and

capricious. Furthermore, the USCIS is to consider "relevant" evidence in determining whether Ranjit's marriage to Martin was fraudulent. See Judulang, 132 S. Ct. at 484; Bangura, 434 F.3d at 502. Plaintiffs' motion offers no argument that the supplement, submitted to ensure the USCIS had "the most updated information regarding Mr. Singh's current marriage," A.R. at 208 (emphasis added), is relevant to the bona fides of Ranjit's prior marriage to Martin.

At most, Plaintiffs' arguments could be construed as challenging the relative weight the USCIS gave certain pieces of evidence. However, this Court cannot "reweigh the evidence," El Conejo, 278 F.3d at 20, or "substitute its judgment for that of the agency," Judulang, 132 S. Ct. at 483. Because the USCIS did not fail "to examine relevant evidence," Bangura, 434 F.3d at 502, the decision denying the I-130 petition was not arbitrary and capricious. Therefore, the Court denies this portion of Plaintiffs' motion for summary judgment, and grants Defendants' motion for summary judgment.

## IV. CONCLUSION

For the reasons stated above, the Court grants Defendants' motion for summary judgment (Dkt. 14) and denies Plaintiffs' motion for summary judgment (Dkt. 18). A separate judgment will be entered.

SO ORDERED.

Dated: June 27, 2016  s/Mark A. Goldsmith
 Detroit, Michigan  MARK A. GOLDSMITH
  United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 27, 2016.

s/Karri Sandusky  
Case Manager
